MATTHEW J. SPENCER, ADMINISTRATOR, PLAINTIFF v. ALBEMARLE HOSPITAL, ET AL., DEFENDANTS

No. COA02-505

(Filed 18 March 2003)

**Civil Procedure— involuntary dismissal—failure to prosecute**

The trial court erred in a medical malpractice, personal injury, and punitive damages case by dismissing under N.C.G.S. § 1A-1, Rule 41(b) plaintiff's claims against defendants for failure to prosecute, because: (1) there was no indication that the trial court considered lesser sanctions before dismissing plaintiff's case; (2) there was no evidence that plaintiff failed to pursue his case in a diligent and responsible manner when all the evidence indicated that plaintiff was unaware that the petition for approval of the confidential settlement had been calendared, and in fact the petition had already been heard and approved by the court; and (3) there was no evidence of prejudice to defendants as they were equally unaware of the hearing and also did not appear.

SPENCER v. ALBEMARLE HOSP.

[156 N.C. App. 675 (2003)]

Appeal by plaintiff from order entered 31 October 2001 by Judge W. Douglas Albright in Pasquotank County Superior Court. Heard in the Court of Appeals 31 October 2002.

*Rose & Harrison, by Dennis C. Rose, for plaintiff appellant.*

*Harris, Creech, Ward and Blackerby, P.A., by Thomas E. Harris and W. Gregory Merritt, for defendant appellees William D. Russell, M.D. and Albemarle Radiology, Ltd.*

*Timothy P. Lehan for defendant appellees Albemarle Hospital, Philip D. Bagby and Ann Trainer.*

TIMMONS-GOODSON, Judge.

Matthew J. Spencer ("plaintiff"), in his capacity as administrator and personal representative for the estate of Erica Shanae Young ("decedent"), appeals from an order of the trial court dismissing plaintiff's claims against Albemarle Hospital, Philip D. Bagby, William Russell, M.D., Albemarle Radiology, Ltd., Sarah Hudson, M.D., CMG of North Carolina, Inc., and Ann Trainer (collectively, "defendants") for failure to prosecute. For the reasons stated herein, we reverse the order of the trial court.

The relevant facts of the present appeal are as follows: On 20 March 2000, plaintiff filed a complaint in Pasquotank Superior Court alleging claims for medical malpractice, personal injury and punitive damages arising from decedent's death. On 23 July 2001, plaintiff filed a petition requesting approval of a confidential settlement between plaintiff and two of the named defendants, Sarah Hudson, M.D., and CMG of North Carolina, Inc. The Honorable Jerry Tillett, Superior Court Judge, heard the matter on 17 September 2001 and approved the settlement agreement. The following day, counsel for plaintiff sent Judge Tilett's order approving the confidential settlement to the clerk of the Superior Court of Pasquotank County for filing.

On 29 October 2001, despite the fact that plaintiff's petition had already been heard and decided, the petition for approval of the settlement came for hearing before the trial court, the Honorable W. Douglas Albright presiding. Neither counsel for plaintiff nor counsel for defendants were present in the courtroom. At the hearing, the following colloquy occurred:

THE COURT: All right. We have got two (2) matters that are marked for settlement. Spencer against the hospital. Is this just for Court approval of the settlement?

**SPENCER v. ALBEMARLE HOSP.**

[156 N.C. App. 675 (2003)]

THE CLERK: It's my understanding that the settlement is sealed and he wanted the Court to open it. I was under the impression that [plaintiff's counsel] was going to be here today.

THE COURT: All right. Call out Spencer.

THE BAILIFF: Oh, yes. Oh, yes. Oh, yes. Matthew Spencer, Matthew Spencer, Matthew Spencer, come into court and prosecute your case or it may be dismissed.

THE COURT: All right. Dismiss it for failure to prosecute.

The court then entered an order dismissing all of plaintiff's claims against those defendants not included in the settlement approved by Judge Tillett for failure to prosecute.

On 30 October 2001, counsel for plaintiff sent a letter to Judge Albright, explaining that he was unaware that the petition to approve the settlement had been calendared for the previous day, particularly as the petition had already been heard and ruled upon. Plaintiff thereafter filed a motion pursuant to Rule 60 for relief from the trial court's order dismissing plaintiff's claims, which was heard by Judge Tillett on 10 December 2001. Noting that plaintiff had filed a notice of appeal from the order dismissing his claims and that the court therefore had limited jurisdiction over the matter, Judge Tillett entertained plaintiff's motion "for the limited purpose of indicating how [the trial court] would be inclined to rule on Plaintiff's motion were the appeal not pending." To that extent, Judge Tillett granted plaintiff relief from the order dismissing his claims. Judge Tillett's order granting plaintiff relief is not before us for review, however.

Plaintiff appeals from the 31 October 2001 order dismissing his claims for failure to prosecute.

---

Plaintiff contends that the trial court erred by (1) failing to consider lesser sanctions before dismissing plaintiff's case; and (2) abused its discretion in dismissing the case. For the reasons stated herein, we conclude that the trial court erred in dismissing plaintiff's case for failure to prosecute, and we therefore reverse the 31 October 2001 order of the trial court.

Rule 41(b) of the North Carolina Rules of Civil Procedure provides, in pertinent part, as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim therein against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits.

N.C. Gen. Stat. § 1A-1, Rule 41(b) (2001). Under Rule 41(b), a claim may be dismissed for one of three reasons: failure to comply with the rules, failure to comply with a court order, or failure to prosecute. *See id.; Wilder v. Wilder,* 146 N.C. App. 574, 575, 553 S.E.2d 425, 426 (2001). Where failure to prosecute is alleged, a trial court may enter sanctions only where the plaintiff or his attorney "manifest[s] an intent to thwart the progress of [the] action" or "engage[s] in some delaying tactic." *Foy v. Hunter,* 106 N.C. App. 614, 619, 418 S.E.2d 299, 303 (1992).

Before a case may be dismissed under Rule 41(b) for failure to prosecute, the trial judge must address the following three factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Wilder,* 146 N.C. App. at 578, 553 S.E.2d at 428. In *Wilder,* this Court reversed dismissal of the plaintiff's case for failure to prosecute because there were insufficient findings to support the trial court's conclusion that dismissal was warranted. *See id.* Similarly, in the instant case, the trial court made no findings regarding plaintiff's failure to prosecute, other than a recital in the order that plaintiff failed to appear for the hearing and that "such failure was completely unexcused and without leave by the court." There is no indication in the record that the trial court considered lesser sanctions before dismissing plaintiff's case. *See Page v. Mandel,* 154 N.C. App. 94, 571 S.E.2d 635, 640 (2002) (vacating the dismissal of the plaintiff's case where the trial court did not indicate that it considered lesser sanctions). There is moreover no evidence in the record that plaintiff "manifested an intent to thwart the progress of the action to its conclusion" or "failed to progress the action toward its conclusion" by engaging in some delaying tactic. Rather, all of the evidence indicates that plaintiff was unaware that the petition for approval of the confidential settlement had been calendared for the 29 October hearing, and that, in

fact, the petition had already been heard and approved by the trial court. Although we do not condone a litigant's failure to appear due to mere ignorance arising from a lack of diligence, there is no evidence here that plaintiff failed to pursue his case in a diligent and responsible manner. Nor is there any evidence of prejudice to defendants, particularly as defendants were equally unaware of the 29 October hearing and, like plaintiff, did not appear.

Courts are primarily concerned with the consideration and resolution of cases according to their merits, rather than dismissal for mere procedural violations. *See Wilder*, 146 N.C. App. at 576, 553 S.E.2d at 427; *Jones v. Stone*, 52 N.C. App. 502, 505, 279 S.E.2d 13, 15, *disc. rev. denied*, 304 N.C. 195, 285 S.E.2d 99 (1981). An involuntary dismissal under Rule 41(b) "is the most severe sanction available to the court in a civil case." *Wilder*, 146 N.C. App. at 576, 553 S.E.2d at 427. Claims should be involuntarily dismissed only when lesser sanctions are not appropriate to remedy the procedural violation. *See Harris v. Maready*, 311 N.C. 536, 551, 319 S.E.2d 912, 922 (1984); *Daniels v. Montgomery Mut. Ins. Co.*, 81 N.C. App. 600, 604, 344 S.E.2d 847, 849 (1986).

Because there is no evidence in the present case to support the trial court's determination that sanctions against plaintiff were warranted, we hold that dismissal of plaintiff's case was improper. *See Green v. Eure, Secretary of State*, 18 N.C. App. 671, 672-73, 197 S.E.2d 599, 601 (1973) (holding that the trial court erred in dismissing plaintiff's action for failure to prosecute). The order of the trial court is hereby

Reversed.

Judges WYNN and HUDSON concur.