JOHN LEE, EMPLOYEE, PLAINTIFF V. ROSES, EMPLOYER, AND SELF-INSURED/ALEXSIS, ADJUSTING COMPANY, DEFENDANTS

No. COA02-1740

(Filed 6 January 2004)

**Workers' Compensation— failure to prosecute in timely manner—findings of fact—conclusions of law**

The Industrial Commission erred as a matter of law in a workers' compensation case when it summarily affirmed a deputy commissioner's order, dismissing plaintiff's claim with prejudice for failure to prosecute in a timely manner, without making the necessary findings of fact and conclusions of law to support its order.

**LEE v. ROSES**

[162 N.C. App. 129 (2004)]

Appeal by plaintiff from order entered 25 July 2002 by the Full Commission of the North Carolina Industrial Commission. Heard in the Court of Appeals 17 November 2003.

*Pamela A. Hunter, for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, L.L.P., by Nicholas P. Valaoras, for defendants-appellees.*

MARTIN, Judge.

On 30 September 1992, plaintiff injured his back while working in the stockroom of defendant Roses' store in Belmont, N.C. He was paid workers' compensation benefits for temporary total disability for two weeks, as well as compensation for medical expenses. On 27 September 1994, plaintiff filed N.C.I.C. Form 18 seeking additional compensation for his alleged injury. Defendants denied the claim and plaintiff filed N.C.I.C. Form 33 requesting that the claim be assigned for hearing. The case was set for hearing before a deputy commissioner on 21 March 1996, but was removed from the hearing docket at the request of the parties in order to engage in discovery and settlement discussions.

Thereafter, the parties engaged in discovery and exchanged correspondence concerning the case over a thirteen month period. On 20 March 1997, defendants' counsel inquired of plaintiff's counsel concerning plaintiff's request for medical treatment and concerning settlement possibilities. Having received no response to his inquiry, defendants' counsel wrote a follow-up letter on 22 April 1997 concerning the same issues. When plaintiff's counsel did not respond to the 22 April 1997 letter, defendants moved to dismiss plaintiff's claim with prejudice, pursuant to subsequently superseded Commission Rule 613(3)[1], for plaintiff's failure to prosecute the claim. On 25 June 1997, the deputy commissioner entered an order in which she found that "[o]ver seven weeks has elapsed since defendant's motion was filed, and no response has been received by plaintiff," and granted defendants' motion to dismiss with prejudice.

On 1 July 1997, plaintiff filed N.C.I.C. Form 44 seeking review of the deputy commissioner's order by the Full Commission. Apparently, the Form 44 was misplaced by the Commission and was not acknowl-

1. Effective June 1, 2000, Commission Rule 613(3) was superseded by Commission Rule 613(1)(c). Workers Comp. R. of N.C. Indus. Comm'n, 2004 Ann. R. (N.C.) 901, 901.

edged until 15 December 2000. A hearing before the Full Commission was twice continued, once upon motion of each of the parties. Pending the hearing, defendants served additional discovery on plaintiff, to which plaintiff failed to serve timely responses. On 25 January 2002, plaintiff was ordered to serve full and complete answers by 4 February 2002; the responses were served on 14 February 2002. The matter was heard by the Full Commission on 12 July 2002. On 25 July 2002, the Full Commission entered the following order:

> The Full Commission has reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and arguments on appeal. Having reconsidered the material in the file, the Full Commission affirms the Deputy Commissioner's holding that plaintiff failed to prosecute this case in a timely manner. Therefore, this case is DISMISSED WITH PREJUDICE. Furthermore, PLAINTIFF SHALL PAY defendant's [sic] counsel a reasonable attorney's fee of $500.00 pursuant to N.C.G.S. 97-88.1.

Commissioner Riggsbee concurred in the result, but issued a separate opinion in which she stated:

> I concur in the result reached by the majority, but believe that the Full Commission is required to make findings of fact and conclusions of law to support our decision.

Plaintiff appeals from the order dismissing his claim.

_____

Plaintiff's primary contention on appeal is that the Commission abused its discretion and committed error of law when it dismissed his claim with prejudice for failure to prosecute. After careful review, we hold that the Full Commission failed to make findings of fact and conclusions of law necessary to support its order dismissing plaintiff's claim.

Pursuant to its power to efficiently administer the Workers' Compensation Act, the Commission has inherent judicial authority to dismiss a claim with or without prejudice for failure to prosecute. *Harvey v. Cedar Creek BP*, 149 N.C. App. 873, 874, 562 S.E.2d 80, 81 (2002). At the time of the Full Commission hearing, the superseding Workers' Compensation Rule 613(1)(c) controlled the disposition of this matter. Rule 613(1)(c) of the Workers' Compensation Rules permits the dismissal of a claim with prejudice for failure to prosecute

upon proper notice and an opportunity to be heard. Workers Comp. R. of N.C. Indus. Comm'n 613(1)(c), 2004 Ann. R. (N.C.) 901, 922.

Neither the Workers' Compensation Act nor the Industrial Commission Rules provide further direction as to when a finding of failure to prosecute is proper and what types of sanctions are appropriate under the circumstances. Thus, this Court looks to G.S. § 1A-1, Rule 41(b) for guidance. *See Harvey*, 149 N.C. App. at 875, 562 S.E.2d at 81. Rule 41(b) of the North Carolina Rules of Civil Procedure permits a defendant in a civil action to move for dismissal when the plaintiff fails to prosecute his case. N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). Where sanctions are entered, a finding of failure to prosecute pursuant to Rule 41(b) requires a determination by the trial court that "plaintiff or his attorney 'manifest[s] an intent to thwart the progress of [the] action' or 'engage[s] in some delaying tactic.' " *Spencer v. Albemarle Hospital*, 156 N.C. App. 675, 678, 577 S.E.2d 151, 153 (2003) (internal quotation omitted). Such a finding is a finding of fact, and findings of fact by the Industrial Commission are conclusive on appeal as long as there is any competent evidence to support them. *Stone v. G & G Builders*, 346 N.C. 154, 157, 484 S.E.2d 365, 367 (1997).

Once a failure to prosecute has been found, the Commission has authority to impose appropriate sanctions. *See Harvey*, 149 N.C. App. at 874, 562 S.E.2d at 81. Our courts have stated that dismissal with prejudice is the most severe sanction available to the court in a civil case, and thus, it should not be readily granted. *See Wilder v. Wilder*, 146 N.C. App. 574, 576, 553 S.E.2d 425, 427 (2001). This principle applies equally to the dismissal of a workers' compensation claim at the Industrial Commission since prosecution pursuant to the Workers' Compensation Act is an injured worker's exclusive remedy. *See Harvey*, 149 N.C. App. at 875, 562 S.E.2d at 82 (terminating plaintiff's "exclusive remedy when other lesser sanctions were appropriate and available" is an abuse of discretion); *Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 16, 510 S.E.2d 388, 392-93 (sanctions by the Commission should be imposed in light of North Carolina's public policy behind the Workers' Compensation Act to provide swift and certain benefits to an injured worker and not to deny benefits based on "technical, narrow, or strict interpretation of its provisions"), *disc. review denied*, 350 N.C. 834, 538 S.E.2d 197 (1999).

Before a civil case may be involuntarily dismissed with prejudice for failure to prosecute pursuant to N.C. Gen. Stat. § 1A-1, Rule

41(b) (2003), the trial court must address the following three factors in its order:

> (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice.

*Wilder*, 146 N.C. App. at 578, 553 S.E.2d at 428. We find this rule to be relevant to and consistent with the underlying public policy of the Worker's Compensation Act, and thus apply these same standards to the dismissal of a workers' compensation claim with prejudice at the Industrial Commission for failure to prosecute. *See Joyner v. Rocky Mount Mills*, 92 N.C. App. 478, 482, 374 S.E.2d 610, 613 (1988) (Full Commission "is not an appellate court" and thus, is required "to make detailed findings of fact and conclusions of law with respect to every aspect of the case before it"). *Cf. Matthews*, 132 N.C. App. at 17, 510 S.E.2d at 393 (holding that before a case may be dismissed pursuant to Worker's Compensation Rule 802, permitting dismissal for violation of any Worker's Compensation Rule, the Industrial Commission must consider (1) the appropriateness of alternative sanctions less severe than dismissal with prejudice, and (2) the proportionality of dismissal to the actions meriting sanction).

In this case, neither the deputy commissioner nor the Full Commission made findings of fact or conclusions of law addressing any of the above cited factors. Thus, the order is not sufficient as a matter of law to dismiss the plaintiff's claim with prejudice for failure to prosecute. *Spencer*, 156 N.C. App. at 678-79, 577 S.E.2d at 153-54 (dismissal vacated where trial court did not make finding regarding whether it considered lesser sanctions and did not make finding regarding whether plaintiff deliberately or unreasonably delayed the matter); *Wilder*, 146 N.C. App. at 577-78, 553 S.E.2d at 427-28 (dismissal vacated where trial court did not consider in the record whether lesser sanctions were appropriate); *see also Harvey*, 149 N.C. App. at 875, 562 S.E.2d at 82 (affirming the Full Commission's order to set aside a deputy commissioner's order dismissing a complaint with prejudice for failure to prosecute because lesser sanctions were available and appropriate). Accordingly, the Full Commission erred as a matter of law when it summarily affirmed the deputy commissioner's order dismissing plaintiff's claim with prejudice for failure to prosecute without making the necessary findings of fact and conclusions of law to support its order. The order of dismissal is

reversed and this cause remanded to the Industrial Commission for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge EAGLES and Judge LEVINSON concur.