***********
The Full Commission has reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. The Full Commission affirms the Opinion and Award of the Deputy Commissioner.
 *********** *Page 2 
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission enters the following:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over this matter.
2. On all relevant dates, all parties were subject to and bound by the North Carolina Workers' Compensation Act.
3. All parties have been properly designated and there is no question as to mis-joinder or non-joinder of parties.
4. On all relevant dates, an employment relationship existed between plaintiff-employee and defendant-employer.
5. On all relevant dates, Chubb Indemnity Insurance Company was the carrier on the risk for defendant-employer.
6. Plaintiff filed three separate workers' compensation claims against defendant-employer. Plaintiff alleged she injured: (1) her right knee, left hip, back, and left shoulder on February 17, 2006 when she tripped over a pallet; (2) her back and both shoulders on August 22, 2006, while lifting boxes; and (3) her right middle finger and ring finger, left hip, and back on September 19, 2006 when she tripped and fell.
7. On August 3, 2007, counsel for defendants and defendants' witnesses traveled to New Bern, North Carolina for the hearing of plaintiff's claims before Deputy Commissioner John B. DeLuca. Prior to the date of hearing, a copy of the hearing calendar was mailed to plaintiff at plaintiff's last known address, return receipt requested. The Industrial Commission received the return receipt, indicating plaintiff had received the hearing calendar. *Page 3 
8. Plaintiff failed to appear for the scheduled hearing. Defendants and their witnesses were present and ready to proceed at the scheduled hearing time. Defendants, therefore, moved the Commission to dismiss plaintiff's claims with prejudice due to plaintiff's failure to appear and prosecute. Subsequent to the hearing, but prior to ruling on defendants' motion, Deputy Commissioner DeLuca received a phone call from plaintiff. Plaintiff claimed she had not been notified of the scheduled hearing. Plaintiff contended she never received a hearing calendar. Plaintiff indicated to Deputy Commissioner DeLuca that she was still interested in pursuing her claims. Deputy Commissioner DeLuca, therefore, dismissed plaintiff's claim without prejudice, allowing her one year from the date of his Order to refile her claims.
9. On August 23, 2007, plaintiff filed another Form 33, requesting a new hearing for her claims. Plaintiff listed her current address and telephone number on the new Form 33. Plaintiff's claims were subsequently scheduled to be heard by Deputy Commissioner Bradley W. Houser in New Bern, North Carolina, on November 27, 2007 at 11:00 a.m. A copy of the Industrial Commission's hearing docket was once again mailed to plaintiff at the mailing address listed on her Form 33.
10. Prior to the date of the second hearing, counsel for defendants attempted to contact plaintiff multiple times by telephone. On four separate occasions, defense counsel telephoned plaintiff at the number listed on plaintiff's Form 33. A female answered the phone twice and indicated both times she was plaintiff's mother. The female identifying herself as plaintiff's mother stated that plaintiff lived there. She was asked to have plaintiff contact defense counsel regarding plaintiff's workers' compensation claims. Plaintiff did not call back. On one of the other calls, defense counsel left a message on plaintiff's answering machine *Page 4 
requesting that plaintiff return his call in regard to her workers' compensation claims. Plaintiff did not return the voice message left by defense counsel.
11. At approximately 11:40 a.m. on November 27, 2007, Deputy Commissioner Houser called plaintiff's claims for hearing. Plaintiff was not present in the courtroom, nor represented by counsel. Defendants, on the other hand, were again present and ready to proceed, with two witnesses from defendant-employer there to testify. Defense counsel and the witnesses from defendant-employer had been in the courtroom and ready to proceed since approximately 10:45 a.m. for the scheduled 11:00 a.m. hearing. Defense counsel, therefore, requested that Deputy Commissioner Houser dismiss plaintiff's claims with prejudice for failure to prosecute her claims. Deputy Commissioner Houser granted defendants' motion, pending verification that plaintiff had not attempted to previously contact the Industrial Commission. Deputy Commissioner Houser returned to Raleigh and confirmed the Industrial Commission had received no correspondence from plaintiff.
12. Following the second hearing, plaintiff once again contacted the Industrial Commission and claimed she had not been notified of the scheduled hearing. Plaintiff claimed she knew nothing of the November 27, 2007 hearing until she received a letter from the Industrial Commission concerning her failure to appear. Plaintiff further informed Deputy Commissioner Houser that she was in the process of securing legal counsel. However, plaintiff could not provide any details regarding same. Deputy Commissioner Houser concluded plaintiff's representations regarding lack of notice were of questionable credibility. Deputy Commissioner Houser also concluded that plaintiff's failure to appear at the two scheduled hearings unreasonably delayed the prosecution of her claims, significantly prejudiced defendants, and that sanctions short of dismissal would not suffice. Deputy Commissioner *Page 5 
Houser, therefore, dismissed plaintiff's claims with prejudice.
12. The Full Commission finds that plaintiff received timely and proper notice of the scheduled hearings on both August 3, 2007 and November 27, 2007.
13. The Full Commission finds that plaintiff's failure to appear and prosecute her claims at the scheduled hearings on August 3, 2007 and November 27, 2007 unreasonably delayed the prosecution of the claims. Further, the Full Commission finds defendants were significantly prejudiced by plaintiff's failure to prosecute, as defendants were present and ready to proceed at both scheduled hearings.
14. The Full Commission finds plaintiff has failed to provide any appropriate or reasonable excuse for her absence at the scheduled hearings on August 3, 2007 and November 27, 2007. The Full Commission, therefore, finds Deputy Commissioner Houser's dismissal was warranted, as sanctions short of dismissal with prejudice will not suffice in this case.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Pursuant to its power to officially administer the Workers' Compensation Act, the Commission has inherent judicial authority to dismiss a claim for failure to prosecute. Lee v. Roses,162 N.C. App. 129, 590 S.E.2d 404 (2004). Further, once a failure to prosecute has been found, the Commission has the discretion to dismiss a plaintiff's claim with prejudice, pursuant to Rule 613(1)(c) of the Workers' Compensation Rules. Id. at 131, 590 S.E.2d at 407.
2. Before a case may be involuntarily dismissed with prejudice for failure to prosecute, the Court must address the following three factors in its order: (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount *Page 6 
of prejudice, if any, to the defendants caused by the plaintiff's failure to prosecute; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Lee v. Roses at 132-133, 590 S.E.2d at 407. Deputy Commissioner Houser made appropriate findings of fact and conclusions of law specifically addressing each of the foregoing factors in his order dismissing plaintiff's claim with prejudice.
3. Plaintiff was given proper notice and multiple opportunities to be heard on this matter by both defendants and the North Carolina Industrial Commission. In response, plaintiff has failed to prosecute her claim. Pursuant to Rule 613(c) of the Workers' Compensation Rules of the North Carolina Industrial Commission, plaintiff's claim is properly dismissed with prejudice for failure to prosecute.
4. The Full Commission concludes the dismissal of this action with prejudice is an appropriate and necessary remedy. Plaintiff has acted in a manner which deliberately and unreasonably delayed prosecution of this claim. Defendants were prejudiced as a result, twice traveling from Raleigh to New Bern, only to have plaintiff fail to appear for her scheduled hearings. Plaintiff has offered no reasonable excuse for her multiple failures to prosecute. The Full Commission, therefore, exercises its discretion in imposing appropriate sanctions. The Full Commission finds sanctions short of dismissal will not suffice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. The December 5, 2007 Opinion and Award, issued by Deputy Commissioner Bradley W. Houser, is hereby AFFIRMED. *Page 7 
2. For good cause shown, the Full Commission HEREBY ORDERS that plaintiff's claim is DISMISSED WITH PREJUDICE.
3. Plaintiff is hereby sanctioned $100.00 payable to the North Carolina Industrial Commission.
4. Each side shall bear its own costs.
This the 30th day of July 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/_______________ BUCK LATTIMORE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1