***********
Upon review of the competent evidence of record, with reference to the errors assigned, and the briefs and oral arguments of the parties, the Full Commission finds that good grounds exist to remand this matter to the Deputy Commissioner level for an evidentiary hearing.
 ***********
On December 2, 2003, Plaintiff filed a Form 18 in which he claimed that he suffered injuries to his head, right side of his face, forehead, eye, both arms, lower back, and hip on November 22, 2002 while employed as a truck driver for Defendant-Employer. Defendants filed a Form 61 denying compensability on the grounds that Plaintiff was an independent contractor at the time of his injury and was not an employee. On February 9, 2004, Plaintiff filed a Form 33 Request for Hearing.
The parties participated in a mediated settlement conference and entered into a Mediated Settlement Agreement on November 30, 2004. Following the mediated settlement conference, *Page 2 
Defendants prepared a Compromise Settlement Agreement which Plaintiff, Plaintiff's counsel, and Defendants' counsel executed. On December 22, 2004, Executive Secretary Tracey H. Weaver issued an Order approving the Compromise Settlement Agreement. Thereafter, Defendants issued checks to Plaintiff and Plaintiff's Counsel pursuant to the terms of Executive Secretary Weaver's December 22, 2004 Order Approving Compromise Settlement Agreement.
On September 29, 2008, Plaintiff, now appearing pro se, filed a Form 33 seeking to reopen his claim, and Defendants responded by filing a Form 33R, stating that Plaintiff is not entitled to any additional workers' compensation benefits pursuant to the December 22, 2004 Order of Executive Secretary Weaver approving the Compromise Settlement Agreement executed by both parties and their counsel. On December 2, 2008, Defendants filed a Motion to Dismiss Plaintiff's claim with prejudice. Deputy Commissioner Bradley W. Houser granted Defendants' Motion prior to the date scheduled for the hearing of this matter, without taking any evidence.
In support of the request to reopen the record, Plaintiff argues that he was not adequately represented during the mediation process, and that he was mentally incompetent to enter into either the Mediated Settlement Agreement or the Compromise Settlement Agreement at the time that he executed those documents. Additionally, Plaintiff contends that all of the relevant medical records did not get admitted into evidence or considered.
The Full Commission is unable to determine the issues raised by Plaintiff without an evidentiary record. Plaintiff did not have an opportunity to present evidence in support of his claim, as the claim was dismissed prior to hearing.
Therefore, the Full Commission hereby ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the *Page 3 
taking of evidence on whether the Compromise Settlement Agreement should be set aside and whether Plaintiff's claim should be dismissed. At the hearing before the Deputy Commissioner, Defendants may present evidence on Defendants' Motion to Dismiss consistent with the requirements of Rule 613 of the Workers' Compensation Rules of the North Carolina Industrial Commission and Lee v. Roses, which requires evidence of the following factors: whether Plaintiff acted in a manner which deliberately or unreasonably delayed the matter; the amount of prejudice, if any, Defendants were caused by Plaintiff's failure to prosecute; and the reason, if one exists, that sanctions short of dismissal would not suffice. Lee v. Roses, 162 N.C. App. 129, 133, 590 S.E.2d 404, 407 (2004).
The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings before him, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of June 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ STACI T. MEYER *Page 4 
COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER *Page 1