***********
The Full Commission has considered the oral arguments of the parties and has reviewed the record in this case which includes the Industrial Commission file, the transcript of the proceedings before Deputy Commissioner Holmes, Plaintiff's notice of appeal to the Full Commission which the Full Commission is treating as his assignments of error and brief, Defendants' Motion to Dismiss Plaintiff's Appeal to the Full Commission and Defendants' Motion to Waive Oral Argument. The Full Commission finds that good grounds exist to reverse the decision of the Deputy Commissioner dismissing Plaintiff's claim and therefore enters the following Order.
 ***********
This matter is before the Full Commission upon Plaintiff's appeal of the dismissal of his claim as a result of his failure to appear at the hearing set by Deputy Commissioner Holmes. *Page 2 
This is a denied claim and the hearing was set pursuant to Plaintiff's Form 33 request for hearing. The matter had previously been set for hearing, but was continued at Plaintiff's request prior to hearing. Upon plaintiff's failure to appear, Defendants made a motion to dismiss plaintiff's claim, which the Deputy Commissioner subsequently granted.
Based upon a review of the Industrial Commission file it appears that Plaintiff is alleging that he sustained an injury by accident on April 11, 2008. Plaintiff filed a Form 18 dated May 1, 2008. Defendants denied the compensability of Plaintiff's claim on a Form 61 dated September 25, 2008. Plaintiff filed a Form 33 Requestthat Claim be Assigned for Hearing, which was not dated, but was received by the Industrial Commission on August 28, 2008. Defendants filed a Form 33R on October 3, 2008. This matter was placed on the Charlotte hearing calendar by the Industrial Commission and was scheduled to be heard on December 12, 2008. The Plaintiff was served with copy of the hearing calendar at his last known mailing address via certified mail. Prior to the hearing, the Plaintiff requested a continuance of the hearing, which was granted.
This matter was then placed on the Gastonia hearing calendar by the Industrial Commission and was scheduled to be heard on February 12, 2009, at 11:00 a.m. Plaintiff was served with a copy of the hearing calendar, via certified mail and signed to accept the certified mail delivery of the hearing calendar. On the date of the hearing, Plaintiff failed to appear for the scheduled Industrial Commission hearing. The Defendants were present and ready for trial and Ms. Barbara McDonald, Human Resources Director of Employer-Defendant, was also present and prepared to testify as a witness for Defendants. The Defendants moved to dismiss Plaintiff's case with prejudice due to the failure of the Plaintiff to appear and prosecute his claim. The Deputy Commissioner by decision dated February 25, 2009 dismissed Plaintiff's claim with prejudice. *Page 3 
Plaintiff gave notice of appeal to the Full Commission. Defendants filed a Motion to Dismiss Plaintiff's Appeal alleging that he failed to comply with Industrial Commission Rule 701. In an Order by Pamela T. Young, Chair, the Industrial Commission determined that Plaintiff's Notice of Appeal stated particular grounds for appeal with sufficient specificity to meet the requirements of Rule 701(3) and further waived the use of the Form 44 in accordance with Rule 701(2).
The parties were permitted to present oral arguments before the Full Commission by telephone. Defendants contend that by failing to appear at the scheduled hearing, Plaintiff delayed the proceedings and that Defendants were prejudiced in that they have incurred the expenses of preparing for the scheduled hearing and appearing at the hearing with counsel and a witness. At the Full Commission level, plaintiff stated in his notice of appeal letter, "I had a hearing for February 12, 2009 but requested it be continued due to money struggles. Instead of a continuance, I received an opinion and award letter." The industrial Commission file does not contain documentation of plaintiff's request for a continuance of the February 12, 2009 hearing.
The Full Commission finds that Plaintiff's failure to appear at the hearing before the Deputy Commissioner without notice delayed his case. The evidence is insufficient to find that Plaintiff deliberately delayed his case. The Full Commission further finds that Defendants were prejudiced in that they incurred the monetary expenses of preparing for the scheduled hearing and appearing at the hearing with counsel and a witness. The Full Commission, having considered appropriate sanctions, finds that sanctions short of dismissal would suffice. This is a denied claim so Plaintiff is not benefitting as a result of the delay. Plaintiff is not represented by an attorney, so it is plausible, although not a justifiable excuse, that he sought a continuance by contacting some person at the Commission and thought the continuance would be granted. *Page 4 
Defendants have stated that their prejudice is the time and expense of preparing for hearing and attending the hearing, which is monetary in nature. Therefore, assessing a monetary sanction in this matter against Plaintiff is the more appropriate remedy and would suffice.
Industrial Commission Rule 613(1)(c) provides, "Upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission. Rule 613 of theWorkers' Compensation Rules of the North Carolina IndustrialCommission.
For a claim to be dismissed with prejudice, the Industrial Commission must make findings of fact and conclusions of law regarding (1) whether the Plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the Defendants, caused by the Plaintiff's failure to prosecute; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice. Lee v.Roses, 162 N.C. App. 129, 133; 590 S.E.2d 404, 409 (2004).
The Full Commission concludes that Plaintiff was provided proper notice of the hearing and failed to appear to prosecute his claim. However, although Defendants were prejudiced by Plaintiff's failure to appear, sanctions short of dismissal would suffice for the reasons found above. Lee v. Roses, 162 N.C. App. 129, 133;590 S.E.2d 404, 409 (2004).
IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Claim is DENIED. Plaintiff shall pay to Defendants the sum of $500.00 as a reasonable sanction for the costs Defendants incurred as a result of Plaintiff's failure to appear. Defendants shall deduct this sanction from any amount Plaintiff may recover from his claim.
Plaintiff shall bear the costs of this action. *Page 5 
This the 21st day of October 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA K. MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER