*********** RULING ON DEFENDANT'S MOTION
Defendant moved, pursuant to Rule 613(c) and Rule 701 of the Workers' Compensation Rules of the North Carolina Industrial Commission, for an Order dismissing Plaintiff's appeal (I.C. File Number 216175) with prejudice, on the grounds that Plaintiff failed to prosecute her claim in a timely manner. After consideration of the written and oral arguments of the parties, Defendant's Motion to Dismiss is hereby DENIED
 *********** STIPULATIONS
At the hearing before the Deputy Commissioner, Defendant submitted a proposed Pre-Trial Agreement, which contained certain standard stipulations. However, the record does not reflect that Plaintiff consented to these stipulations. Therefore, there are no stipulations in this matter.
 *********** *Page 3 ISSUES
The issues to be determined are:
1. Whether Plaintiff's left knee claim should be dismissed with prejudice?
2. Whether Defendant is entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1?
3. Whether Plaintiff should be required to post a bond or a surety with the North Carolina Industrial Commission as a pre-requisite for any further appeal of this matter?
4. Whether Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of her employment with Defendant to her left knee, and if so, to what workers' compensation benefits is she entitled?
 ***********
Based upon the competent and credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. On or about April 16, 2000, an employment relationship existed between Plaintiff and Defendant.
3. Xchanging is the servicing agent for this matter.
4. Plaintiff's date of birth is November 5, 1955, and she completed two years of college.
5. On March 13, 2000, while working as a customer service representative for Defendant, Plaintiff sustained an admittedly compensable work injury to her right knee (I.C. File Number 025121). Shortly after Plaintiff's March 13, 2000 work injury, she returned to work for *Page 4 
Defendant with work restrictions. In January 2001, Defendant terminated Plaintiff's employment.
6. On March 5, 2001, Plaintiff filed a Form 18 in connection with the present claim (I.C. File Number 216175). Plaintiff contended that she sustained an injury to her left knee on April 16, 2000 as a result of overcompensation due to her compensable right knee injury (I.C. File Number 025121). Plaintiff stated in the Form 18 the following: "[o]riginally injured right knee while performing job duties. After 1st injury I returned to reg. duties, over compensating on the [l]eft knee which caused soreness, swelling, weakness and pain." Defendant denied Plaintiff's left knee claim.
6. After a lengthy procedural history documented through various previous Orders, on November 30, 2009, Deputy Commissioner Kimberly E. Ledford conducted an evidentiary hearing in this matter per Order of the Full Commission. The Deputy Commissioner gathered evidence and submitted it to the Full Commission for decision. At both the November 30, 2009 evidentiary hearing and the April 16, 2010 Full Commission hearing, Plaintiff submitted medical and other records in support of the present claim (I.C. File Number 216175). Plaintiff presented no deposition testimony from any of her health care providers.
7. Contrary to her Form 18, at the hearing before Deputy Commissioner Ledford on November 30, 2009, Plaintiff testified that she twisted her left knee. Plaintiff stated, "[a]nd it's like I twisted my knee when I sort of went down to — because my right knee gave out, and I — I sort of tripped, and I twisted my left knee." In an April 17, 2000 medical record from Wake Forest University School of Medicine Family Practice Center, Plaintiff complained of a painful, swollen left knee, but did not give a history of injuring it at work due to twisting, overcompensation, or otherwise. The left knee examination was within normal limits. In an *Page 5 
April 28, 2000 medical record, Plaintiff reported that her left knee was hurting some, but gave no report of an injury at work. In a second opinion report prepared by Dr. Andrew Panchenko Bush dated October 31, 2000 relating to the right knee injury, Plaintiff again complained of her left knee hurting, but gave no report of injury. Medical records from Jennings Clinic dated January 2001 through March 2001 do not indicate that Plaintiff gave a history of a work-related left knee injury, although she did complain of bilateral knee pain. The credible evidence of record does not support Plaintiff's claim of a work-related, twisting injury to her left knee occurring on April 16, 2000, or an injury due to overcompensation as a result of her right knee injury.
8. Prior to her employment with Defendant, Plaintiff had an injury to her left knee for which she underwent arthroscopic surgery.
9. Upon review and consideration of Plaintiff's medical records and the other evidence presented, the Full Commission finds that Plaintiff failed to prove that her left knee complaints are related to her admittedly compensable right knee injury or constituted a compensable injury by accident.
10. Although Plaintiff waited almost a year after her alleged left knee injury to file a Form 18 and did not offer a reasonable excuse for such delay, the evidence does not establish that this delay in filing the claim prejudiced Defendant. Plaintiff had a reasonable justification for the delay in requesting a hearing.
11. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff prosecuted the present claim (I.C. File Number 216175) with reasonable grounds. It does not appear from the greater weight of the evidence that the February 4, 2004 Order of the North Carolina Court of Appeals addressed Plaintiff's current claim for injury to her left knee. *Page 6 
12. Plaintiff shall have all of the appeal rights allowed any party under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that she sustained an injury by accident to her left knee. N.C. Gen. Stat. § 97-2(6). Plaintiff also failed to prove that she sustained an injury to her left knee due to overcompensation as a direct and natural consequence of her March 13, 2000 compensable right knee injury. Roper v. J.P.Stevens Co., 65 N.C. App. 69, 308 S.E.2d 485 (1983).
2. Where the exact nature of and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.Click v. Pilot Freight Carriers, Inc.,300 N.C. 164, 265 S.E.2d 389 (1980). Because Plaintiff did not present any medical expert opinion testimony on the causation of her left knee injury and the medical records do not support her claim of a work-related injury to her left knee, Plaintiff failed to meet her burden of proving that she sustained an injury by accident to her left knee or an injury due to overcompensation as a direct and natural consequence of her March 13, 2000 compensable right knee injury. Click, 300 N.C. 164, 265 S.E.2d 389 (1980);Roper, 65 N.C. App. 69, 308 S.E.2d 485 (1983).
3. Plaintiff had reasonable grounds to prosecute this claim. N.C. Gen. Stat. § 97-88.1. *Page 7 
4. Defendant was not prejudiced by Plaintiff's delay in filing and prosecuting this claim. Therefore dismissal is not warranted. N.C. Gen. Stat. § 97-22; Lee v. Roses,162 N.C. App. 129, 590 S.E.2d 404 (2004).
 ***********
Based upon the foregoing findings of fact, and conclusions of law, the Full Commission makes the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits for her left knee in I.C. File Number 216175 is DENIED.
2. Each side shall bear its own costs.
This the ___ day of May 2010.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 *Page 1