***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Glenn and the briefs and arguments of the parties. The Defendants have shown good grounds to reconsider the evidence regarding their motions to dismiss for failure to prosecute under North Carolina Industrial Commission Rule 613(1)(c). Accordingly, the Full Commission reverses the Opinion and Award of Deputy Commissioner Glenn and enters the following Order.
 *********** *Page 2 
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter of this case. All the parties are bound by and subject to the North Carolina Workers' Compensation Act. All parties have been correctly designated and there is no question as to the misjoinder or nonjoinder of any party.
2. The date of the alleged injury that is the subject of this claim is February 16, 2007.
3. There was an employee-employer relationship between Plaintiff and Defendant-Employer at all relevant times herein.
4. Plaintiff's average weekly wage will be determined from the hearing of this matter.
5. Plaintiff alleges that Companion Property Casualty Group insured Defendant-Employer. Companion Property Casualty Group denies it insured Defendant-Employer at the time of the injury by accident. Advantage Siding Windows sub-contracted with Defendant-Employer and contends that it received a certificate of workers' compensation insurance coverage from Defendant-Employer at the time of hiring and was never advised of any cancellation of coverage.
6. The following exhibits were admitted into evidence at the hearing before Deputy Commissioner Glenn:
 a. Defendant-Companion's #1, letter dated 9/7/06; *Page 3 
 b. Defendant-Companion's #2, letter dated 9/26/06;
 c. Defendant-Companion's #3, audit dated 7/27/06;
 d. Defendant-Companion's #4, letter dated 9/19/06;
 e. Defendant-Companion's #5, account history;
 f. Defendant-Advantage's #1, certificate of coverage.
 ***********
The Pre-Trial Agreement along with its attachments and any additional stipulations are hereby incorporated by reference as though they were fully set out herein.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 16, 2007, Plaintiff was employed by Carlos Levia d/b/a D C Vinyl Siding Company, and on said date Plaintiff allegedly suffered an injury by accident when he fell from a ladder. The extent of Plaintiff's alleged injuries are unknown. Plaintiff did not return to work for D C Vinyl Siding Company.
2. Advantage Siding and Windows, Inc., ("Advantage") had subcontracted with Defendant-Employer D C Vinyl Siding Company to perform work on the home where Plaintiff was injured. Prior to giving the contract to Defendant-Employer, Advantage requested and received a copy of a certificate of insurance from Defendant-Employer's insurance agent, Denver Insurance Agency, indicating that Defendant-Employer was insured for workers' compensation from April 28, 2006, through April 28, 2007.
3. Advantage was a certificate holder on Defendant-Employer's policy of workers' *Page 4 
compensation insurance.
4. Companion Property Casualty cancelled the workers' compensation policy of Defendant-Employer based upon an audit by mailing notice of cancellation to Mr. Levia. Companion did not notify Advantage of the cancellation, and neither did Denver Insurance Agency, despite the fact that the certificate holder was entitled to notice of cancellation.
5. On June 10, 2009, and on August 27, 2009, Deputy Commissioner Glenn heard testimony related to this matter. At both hearings, Plaintiff was not present. Plaintiff's attorney, Robert J. Dewey, however, was present at both hearings. No testimony was received regarding the extent of any injuries allegedly suffered by Plaintiff. No expert testimony was received into evidence regarding Plaintiff's alleged injury, Plaintiff's alleged prognosis, or Plaintiff's alleged current employment status. At these hearings, counsel for Plaintiff explained to Deputy Commissioner Glenn that Plaintiff was in sporadic contact with his office, that Plaintiff had returned home to Guatemala, and that Plaintiff had encountered difficulties in returning to the United States for the hearing.
6. Defendants have made motions to dismiss for failure to prosecute to Deputy Commissioner Glenn and to the Full Commission. The Full Commission finds that Plaintiff had proper notice of Defendants' motions to dismiss and that Plaintiff had ample opportunity to be heard on the motions.
7. The Full Commission finds that Plaintiff's failure to appear and prosecute his claim has unduly prejudiced Defendants. Defendants were unable to cross examine Plaintiff regarding the nature of his alleged injuries, the nature of any current medical treatment he is receiving which may or may not be related to his alleged injury by accident, and the nature of his alleged disability, if any. *Page 5 
8. The Full Commission held this matter in abeyance from August 5, 2010, until present, in order to allow Plaintiff to communicate an acceptance of a settlement offer to Defendant Companion, which Plaintiff has failed to do. The Full Commission finds that Plaintiff has abandoned his claim.
9. Neither Plaintiff nor his counsel have had any contact with the Industrial Commission on this matter, despite numerous requests.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's claim is barred under the provisions of North Carolina Industrial Commission Rule 613(1)(c). Pursuant to Industrial Commission Rule 613(1)(c), upon proper notice and an opportunity to be heard, any claim may be dismissed with or without prejudice by the Industrial Commission on its own motion or by motion of any party for failure to prosecute or to comply with these Rules or any Order of the Commission. Prior to dismissing a claim pursuant to Rule 613(1)(c), the Commission must find (1) that Plaintiff acted in a manner which deliberately or unreasonably delayed the matter, (2) Defendant was prejudiced by the Plaintiff's delay or failure to prosecute, and (3) that sanctions short of dismissal would not suffice. Lee v. Roses,162 N.C. App. 129, 590 S.E. 2d 404 (2004).
2. Plaintiff's failures to appear and prosecute his claim at the June 10, 2009, and August 27, 2009, hearings in front of Deputy Commissioner Glenn constitute a failure to prosecute. N.C.I.C. Rule 613(1)(c). *Page 6 
3. Plaintiff's failure to appear and to prosecute his claim, while not overtly deliberate, unreasonably delayed the matter and caused unnecessary litigation. N.C.I.C. Rule 613(1)(c); Lee v.Roses, 162 N.C. App. 128, 590 S.E.2d 404 (2004).
4. Plaintiff's failure to appear and to prosecute his claim severely prejudiced the Defendants, as Defendants were unable to cross examine Plaintiff regarding the nature of his alleged injuries, the nature of any current medical treatment he is receiving which may or may not be related to his alleged injury by accident, and the nature of his alleged disability, if any.Id.
5. Plaintiff's failure to appear and to prosecute his claim warrants the dismissal of this action, as Plaintiff has been given great latitude to appear and prosecute this claim, which he has not accepted. Further, Plaintiff was granted approximately eleven (11) months to communicate an acceptance of a settlement offer to Defendant Companion, which Plaintiff has failed to do. There are no other appropriate remedies available at this time, and dismissal is warranted. The Full Commission concludes Defendants have been substantially prejudiced by Plaintiff's delay and failure to prosecute his claim, and sanctions short of dismissal will not suffice. Id.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. Each side shall bear its own costs.
This the 21st day of June, 2011. *Page 7 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ PAMELA T. YOUNG CHAIR *Page 1