**LENTZ v. PHIL'S TOY STORE**

[228 N.C. App. 416 (2013)]

JOSEPH LENTZ, Plaintiff
v.
PHIL'S TOY STORE AND UTICA NATIONAL INSURANCE, Defendants

No. COA12-1395

Filed 6 August 2013

1. **Workers' Compensation—jurisdiction of Commission—occupational disease claim—six years old—no medical opinion**

     The Industrial Commission had jurisdiction over a six-year-old workers' compensation claim where plaintiff contended that his right to bring an occupational disease claim did not begin until he obtained a medical opinion that the disease was work-related. Obtaining the advice of a competent medical professional starts the two-year time frame in which a claim must be brought, but a claimant is not precluded from filing a claim prior to receiving competent medical advice.

2. **Workers' Compensation—failure to prosecute claim—dismissal**

     The Industrial Commission did not err by dismissing a six-year old workers' compensation claim with prejudice where plaintiffs claimed that the delays were reasonable because he did not have competent medical authority. Plaintiff failed to appear at hearings, failed to obtain competent medical authority, and failed to prosecute his claim. Defendants were prejudiced by spending considerable time and resources in defense of the claim, and there was no sanction short of dismissal that would suffice because defendants were entitled to a resolution of the case.

Appeal by plaintiff from an Opinion and Award of the Full Commission of the North Carolina Industrial Commission filed 3 July 2012. Heard in the Court of Appeals 27 March 2013.

*Charles D. Mast for plaintiff-appellant.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by Kari A. Lee, Matthew J. Carrier, & M. Duane Jones, for defendant-appellants.*

BRYANT, Judge.

Where the North Carolina Industrial Commission had subject matter jurisdiction over plaintiff's workers' compensation claim, and where

plaintiff failed to prosecute his claim, we affirm the Commission's dismissal of plaintiff's claim with prejudice.

## Facts and Procedural History

This claim arose on or about 18 September 2006, when Joseph Lentz ("plaintiff") filed a Form 18 with the North Carolina Industrial Commission requesting workers' compensation, alleging an occupational disease due to exposure during his employment to the chemical toluene. Plaintiff alleged that the last date of injurious exposure was 31 May 2005.[1] Phil's Toy Store and Auto – plaintiff's employer, and their insurer, Utica National Insurance, (collectively "defendants") responded by filing a Form 61 Denial of Workers' Compensation claim on 2 October 2006.

Defendants filed a motion to dismiss in 2007, which was denied by the Commission in an order dated 23 October 2007. This 23 October 2007 order allowed plaintiff 60 days to update defendants as to his intention to pursue the claim. On 16 April 2008, defendants filed a motion to dismiss plaintiff's claim with prejudice. Plaintiff filed a Form 33 request for a hearing on 22 April 2008, to which defendants responded by filing a Form 33R on 30 April 2008. On 18 September 2008, plaintiff filed a motion for voluntary dismissal without prejudice, noting that plaintiff's expert, Dr. Darcey stated, "it is more likely than not that plaintiff's symptoms did not result from toluene exposure[.]" Plaintiff further stated that he could not go forward without expert testimony and would need a year to obtain a witness capable of providing such. The Commission allowed plaintiff's motion on 24 October 2008, leaving plaintiff one (1) year to re-file his claim.

On 28 July 2009, ten months after plaintiff's claim was voluntarily dismissed without prejudice, plaintiff filed another Form 33 request for hearing. Defendants filed another Form 33R on 3 August 2009. The case, scheduled for hearing on 21 October 2009, was temporarily removed from the docket to allow plaintiff time to retain counsel and to obtain the medical opinion of another doctor. On 25 November 2009, defendants filed a Form 33 request for a hearing and a motion to dismiss plaintiff's claim with prejudice. Upon motion of plaintiff's new counsel, Deputy Commissioner Robert Rideout issued an order on 15 February 2010 stating that the matter was to be removed from the regular hearing docket and reset on the Special Set docket.

---

1. Throughout the record and briefs are references to March 2005 as the last date of exposure. However, plaintiff's Form 18 has "5/31/2005" as the last date of exposure.

LENTZ v. PHIL'S TOY STORE

[228 N.C. App. 416 (2013)]

On 29 April 2010, a hearing on the matter was held before Deputy Commissioner George Glenn. Plaintiff's counsel appeared, however plaintiff was not present. Defendants, defendants' counsel, and a representative from the employer who was available to testify, were also present. Plaintiff's counsel requested a 90-day extension of time to obtain a medical opinion, which was granted, and defendants' motion to dismiss with prejudice was denied. Thereafter, plaintiff requested and received two additional extensions of time. On 15 November 2010, defendants renewed their motion to dismiss with prejudice. At the Special Set hearing on 16 May 2011, defendants appeared with counsel and argued their motion to dismiss. Plaintiff's counsel appeared, again without plaintiff, and argued that the Industrial Commission did not have subject matter jurisdiction over this case. In an order filed 18 July 2011, plaintiff's claim was dismissed by Deputy Commissioner George Glenn.

Plaintiff appealed to the Full Commission (the Commission), which filed an Opinion and Award on 3 July 2012, affirming the opinion of Deputy Commissioner Glenn and dismissing plaintiff's claim with prejudice. Plaintiff appeals to this Court.

---

On appeal, plaintiff raises the following issues: (I) whether the Commission had subject matter jurisdiction over plaintiff's claim; and (II) whether the Commission erred by dismissing plaintiff's claims with prejudice.

*Standard of Review*

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent evidence, and (ii) whether the conclusions of law are justified by the findings of fact." *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006) (citation omitted).

However, as to a jurisdictional question, this Court is not bound by the findings of fact of the lower tribunal. This Court has the duty to make its own independent facts as to jurisdiction. *Richards v. Nationwide Homes*, 263 N.C. 295, 303, 139 S.E.2d 645, 651 (1965).

*I*

[1] First, we consider plaintiff's initial question and determine whether the Commission had subject matter jurisdiction over plaintiff's occupational disease claim.

LENTZ v. PHIL'S TOY STORE

[228 N.C. App. 416 (2013)]

Within the meaning of the Workers' Compensation Act, included in the occupational diseases is the following:

> [a]ny disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

N.C. Gen. Stat. § 97-53(13) (2011). "The right to compensation for occupational disease shall be barred unless a claim be filed with the Industrial Commission within two years after death, disability, or disablement as the case may be." N.C. Gen. Stat. § 97-58(c) (2011).

Plaintiff contends that his right to bring an occupational disease claim is controlled by the statute of limitations in section 97-58(c) and does not begin until he has been advised by competent medical authority of the work-related cause of his disease or injury, and since he had not been able to obtain such advice, the Commission lacked subject matter jurisdiction over his claim. In support of his contention plaintiff cites to the following statement in *McCubbins v. Fieldcrest Mills, Inc.*:

> Though the two year time limit for timely filing is a jurisdictional requisite, without which the Industrial Commission may not consider a workers' compensation claim, the time does not begin to run against occupational disease claims until the employee is informed by competent medical authority of the nature and work-related cause of the disease.

79 N.C. App. 409, 412, 339 S.E.2d 497, 498 (1986) (citation omitted). Plaintiff's contention is based on the faulty premise that his *right* to bring an occupational disease claim does not begin until he has obtained a medical opinion that the disease is work related. In other words, plaintiff is contending that a valid occupational disease claim cannot begin until a medical opinion affirming causation is obtained. However, while, as all parties acknowledge, it is "difficult to imagine a scenario in which a claimant would actually prevail" absent a medical opinion on causation, such medical opinion is not required prior to filing an occupational disease claim. Obtaining the advice of a competent medical professional as contemplated by section 97-58(c) starts the two-year time frame in which a claim must be brought or the claimant risks losing the opportunity to do so. A claimant is not precluded from filing a claim prior to receiving competent medical advice, which plaintiff should know as that

is exactly what plaintiff did; he filed his claim before receiving competent medical advice regarding causation of his occupational disease, and in so doing invoked the jurisdiction of the Commission.

Our Supreme Court has stated, "[w]e have previously explained the context of the workers' compensation claim: 'The claim is the right of the employee, *at his election,* to demand compensation for such injuries as result from an accident.' " *Gore v. Myrtle/Mueller,* 362 N.C. 27, 34, 653 S.E.2d 400, 406 (2007) (quoting *Biddix v. Rex Mills, Inc.,* 237 N.C. 660, 663, 75 S.E.2d 777, 780 (1953)) (emphasis added). Once plaintiff elected to file his claim, "the jurisdiction of the Commission, as a judicial agency of the State, is invoked." *Id.* at 35, 653 S.E.2d at 406. A statute of limitations is not designed to prohibit a plaintiff from bringing a claim at its outset, rather it "is to afford security against stale demands[.]" *Raftery v. Wm. C. Vick Const. Co.,* 291 N.C. 180, 191, 230 S.E.2d 405, 411 (1976) (citations omitted).

It is noteworthy that in his reply brief, plaintiff acknowledges the "Commission can assert its jurisdiction over the claim that plaintiff has already filed prior to obtaining a competent medical opinion, even though such claim may not be valid." Plaintiff goes on to assert that unless he files a valid claim (which he maintains can only be done after obtaining a competent medical opinion) the Commission cannot assert jurisdiction over nor bar the new and separate claim.

Plaintiff's main concern appears to center around the right to bring a new claim upon receipt of a competent medical opinion. However, because that issue is not squarely before us, we do not decide whether, upon receipt of competent medical authority, plaintiff would be allowed to bring another occupational disease claim against defendants in the Industrial Commission. As to the question squarely before us: whether the Commission had jurisdiction over plaintiff's instant claim, the answer is yes.

As the Commission stated in its order, "[p]laintiff has brought this claim before the Industrial Commission [six] years ago, and has repeatedly affirmed, submitted to, and taken advantage of the jurisdiction of the Commission." Based on our review of the facts in the record, we affirm the Commission's ruling that it had jurisdiction over plaintiff's claim. Accordingly, plaintiff's attempt to turn the statute of limitations on its head to support his jurisdictional question is overruled.

## II

**[2]** Plaintiff next argues that, assuming the Commission had jurisdiction, it nonetheless erred by dismissing plaintiff's claim with prejudice.

·   "While '[t]he Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act,' they may provide guidance in the absence of an applicable rule under the Workers' Compensation Act. *Harvey v. Cedar Creek BP*, 149 N.C. App. 873, 875, 562 S.E.2d 80, 81 (2002) (quoting *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985)); *see e.g., Lee v. Roses*, 162 N.C. App. 129, 132, 590 S.E.2d 404, 407 (2004) ("Neither the Workers' Compensation Act nor the Industrial Commission Rules provide further direction as to when a finding of failure to prosecute is proper and what types of sanctions are appropriate under the circumstances. Thus, this Court looks to G.S. § 1A–1, Rule 41(b) for guidance."). Civil Procedure Rule 41(b) allows a defendant to move for dismissal of a case for failure of plaintiff to prosecute, and requires a determination that "plaintiff or his attorney 'manifest[s] an intent to thwart the progress of [the] action' or 'engage[s] in some delaying tactic." *Lee*, 162 N.C. App. at 132, 590 S.E.2d at 407 (quoting *Spencer v. Albemarle Hospital*, 156 N.C. App. 675, 678, 577 S.E.2d 151, 153 (2003)).

> Before a civil case may be involuntarily dismissed with prejudice for failure to prosecute pursuant to N.C. Gen. Stat. § 1A–1, Rule 41(b) (2003), the trial court must address the following three factors in its order:
>
>> (1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute]; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice.

*Id.* at 132-33, 590 S.E.2d at 407 (citation omitted). A trial court's findings of fact on these factors are conclusive on appeal if there is competent evidence to support the findings. *Id.* at 132, 590 S.E.2d at 407.

In its order dismissing plaintiff's claim the Commission entered numerous findings of fact, most of which are related in the Facts and Procedural History portion of this opinion. In addition, the Commission entered the following pertinent findings of fact:

> 13.  Plaintiff never raised a jurisdictional issue at any time prior to the May 16, 2011 Special Set Hearing. Instead, plaintiff has invoked the jurisdiction of the Industrial Commission by filing his claim, filing motions, and receiving extensions of time in response to those motions

14. Despite multiple extensions and continuances, plaintiff has failed to prosecute or otherwise substantiate his workers' compensation claim since filing his Form 18 on September 27, 2006.

15. Plaintiff has failed to comply with prior Orders of the Industrial Commission requiring him to substantiate his claim.

16. The Industrial Commission file is replete with motions, correspondence, and hearing transcripts documenting the time and effort defendants have expended related to defending plaintiff's claim and preparing for multiple hearings. Witnesses for defendants have been present at two hearings in Durham, North Carolina. Plaintiff did not attend these hearings, and none of the hearings went forward, despite the fact that defendants and the Deputy Commissioner were ready to hear this contested claim on the merits.

And, the following pertinent conclusions of law:

4. Plaintiff has deliberately and unreasonably failed to prosecute his claim. He has had an ample opportunity to address his failure to prosecute claim and pursue a hearing on the merits. Defendants have participated in the defense of this claim since plaintiff's Form 18 was filed, and have prepared for two hearings prompted by two Form 33s filed by (or on behalf of) plaintiff. Given the long procedural history of this claim, the prior Orders of the Industrial Commission, and the fact that plaintiff has failed to appear at two Special Set Hearings (after his counsel requested a hearing in such a forum), the Full Commission finds and concludes that plaintiff has deliberately and unreasonably failed to prosecute his claim, despite requiring the attention, time, and expense of defendants and the Industrial Commission.

5. Plaintiff's jurisdictional argument, first raised on May 16, 2011, has no merit. Plaintiff filed multiple Form 33 Requests for Hearing. Plaintiff brought this claim before the Industrial Commission five years ago, and has repeatedly affirmed, submitted to, and taken advantage of the jurisdiction of the Commission. The Industrial

Commission has subject matter jurisdiction over plaintiff and his claim in accordance with section 97-58 of the Workers' Compensation Act, and can therefore render any judgment that is proper.

6.    Plaintiff's failure to prosecute this claim has resulted in prejudice to defendants, who have expended considerable time and resources attempting to defend the claim. They have repeatedly prepared for hearing and appeared at hearings with witnesses, and plaintiff has failed to appear, even when ordered to appear.

7.    Given the procedural history of this claim and plaintiff's failure to comply with prior Orders of the Commission, there is no sanction short of dismissal with prejudice that will suffice in this case. If this claim is not dismissed with prejudice, defendants will continue to be prejudiced by costs associated with defending a claim that plaintiff has not prosecuted for the past six years, and these costs could continue indefinitely. Defendants are entitled to a resolution of this claim, and have participated reasonable and actively to reach a resolution by dismissal or by a hearing on the merits.

8.    Following notice and an opportunity to be heard, plaintiff failed to show the Commission any reason why his claim should not be dismissed.

On this record, we determine that the Commission's findings of fact were supported by competent evidence and its conclusions of law were supported by its findings of fact. In making this determination we review the factors that comprise the *Lee* test.

We find plaintiff's argument on appeal that any delays in prosecuting this claim were because plaintiff did not have competent medical authority who had advised him of a work related medical condition and therefore such delays were reasonable, to be wholly without merit. Plaintiff's claim was first filed in September of 2006, and plaintiff failed to appear at the two hearings that he requested, whereas defendants were present and prepared to litigate the claim on both occasions. Plaintiff has had *over six years* since filing his claim to find competent medical authority to provide information to support his claim. Plaintiff's failure to appear at hearings, failure to obtain competent medical authority regarding his claim, and failure to prosecute his claim for six years is sufficient competent evidence to support the findings of fact and the conclusions of

**LENTZ v. PHIL'S TOY STORE**

[228 N.C. App. 416 (2013)]

law of the Commission that plaintiff has unreasonably delayed the matter, satisfying the first prong of the *Lee* test.

The second prong of the *Lee* test examines prejudice to the defendants. Here, defendants have spent considerable time and resources in defense of this claim. Defendants have filed multiple documents and have appeared at multiple hearings per plaintiff's request. Whereas, plaintiff has failed to appear, even when so ordered. Competent evidence in the record supports the Commission's finding that the file in plaintiff's case is "replete with motions, correspondence, and hearing transcripts documenting the time and effort defendants have expended related to defending plaintiff's claim and preparing for multiple hearings." This finding supports the conclusion of the Commission that defendants have been prejudiced due to plaintiff's unreasonable delay.

The last prong of the *Lee* test requires a reason that sanctions other than dismissal would not suffice. *Id.* at 133, 590 S.E.2d at 407. The Commission's conclusion that "[g]iven the procedural history of this claim and plaintiff's failure to comply with prior Orders of the Commission, there is no sanction short of dismissal with prejudice that will suffice" is supported by competent evidence in the record. This Court agrees with the Commission that defendants are entitled to a resolution in this case; defendants have been and will continue to be prejudiced if this claim, which they have been defending for nearly seven years, is allowed to continue indefinitely. Therefore, no sanction other than dismissal will suffice. As all three prongs of the *Lee* test are satisfied, showing plaintiff has deliberately or unreasonably failed to prosecute his claim, we affirm the order of the Commission dismissing plaintiff's claim with prejudice.

Affirmed.

Judges HUNTER, Jr., Robert N., and McCULLOUGH concur.