IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-982

Filed: 5 May 2020

North Carolina Industrial Commission, I.C. No. 15-048700

PAMELA LAUZIERE, Employee, Plaintiff,

v.

STANLEY MARTIN COMMUNITIES, LLC, Employer, and AMERICAN ZURICH INSURANCE COMPANY, Carrier, Defendants.

Appeal by Plaintiff from Opinion and Award entered 22 May 2018 by the Full North Carolina Industrial Commission. Heard in the Court of Appeals 10 April 2019.

> *Lennon, Camak & Bertics, PLLC, by S. Neal Camak and Michael W. Bertics, for plaintiff-appellant.*

> *Lewis & Roberts, P.L.L.C., by Mallory E. Lidaka and Bryan L. Cantley, for defendants-appellees.*

MURPHY, Judge.

The North Carolina Industrial Commission's ("the Commission") conclusions of law must be justified by its findings of fact and its findings of fact must be supported by competent evidence. As a sanction, the Full Industrial Commission dismissed Pamela Lauziere's ("Lauziere") claim with prejudice for failure to prosecute after it found that the "monetary damages incurred by [Stanley Martin Communities ("Stanley Martin") and Zurich American Insurance, (together, "Defendants")] as a result of [Lauziere's] conduct could not be recouped by Defendants even if ordered by the Commission." This finding is unsupported by the evidence because no competent

evidence suggests Lauziere is unable to pay monetary damages or the Defendants are unable to recoup their losses. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

Lauziere was a realtor for Stanley Martin. On 20 September 2015, Lauziere allegedly sustained an injury while trying to manually shut a garage door at a model home. Stanley Martin denied Lauziere's claim for the alleged injuries.

Lauziere filed her request for hearing with the Commission on 30 November 2015. On 7 January 2016, Defendants sent Lauziere pre-hearing interrogatories and a *Request for Production of Documents*. This first set of discovery requests asked for information including medical information or documentation detailing Lauziere's medical history before and after the alleged injury. In February 2016, Lauziere responded to Defendants' first set of discovery requests. In part, her counsel responded that certain medical records were unavailable and would be "supplemented" at a later time. Following an impasse at a Commission ordered mediation, Lauziere's attorney was allowed to withdraw by order filed 10 March 2016. On 16 March 2016, Defendants served a second set of discovery requests on the now pro se Lauziere. The parties received notice the case was set for hearing on 3 May 2016.

On 22 April 2016, seven days after the 30-day deadline for Lauziere to file her discovery responses, Defendants moved for an order compelling Lauziere to respond to their second set of discovery requests. Three days later, Lauziere underwent major lower back surgery, and she notified Defendants of her condition. Lauziere did not file a response to Defendants' Motion to Compel. On 28 April 2016, the deputy commissioner continued the case off of his 3 May 2016 hearing docket. On 16 June 2016, in an email to Defendant's counsel, Lauziere responded to Defendants' second set of discovery and requested her case be set on an expedited hearing docket. Six days later, Lauziere emailed Defendants to confirm they received her 16 June 2016 correspondence, but Defendants responded alleging insufficiency.

Over a year passed.

On 13 June 2017, Defendants moved to dismiss with prejudice. Lauziere responded to that motion within 24 hours. On 6 September 2017, a hearing was held on the *Motion to Dismiss with Prejudice*, and Lauziere attended this hearing pro se. Five days later, the Commission filed an Opinion and Award dismissing Lauziere's case with prejudice in accordance with Industrial Commission Rule 616(b).

Lauziere obtained legal counsel and appealed to the Full Industrial Commission on 18 September 2017. On 22 May 2018, the Full Industrial Commission filed an Opinion and Award affirming the decision dismissing Lauziere's case with prejudice. Plaintiff timely appeals.

## ANALYSIS

"Appellate review of an award from the Industrial Commission is generally limited to two issues: (i) whether the findings of fact are supported by competent evidence, and (ii) whether the conclusions of law are justified by the findings of fact." *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611, 636 S.E.2d 553, 555 (2006) (citation omitted). However, "the choice of sanctions is a matter reviewed for abuse of discretion only." *Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 16, 510 S.E.2d 388, 392 (1999). Factors we have considered include the exclusivity provision of the Workers' Compensation Act, "the appropriateness of alternative sanctions under Rule 37, the proportionality of dismissal to the actions meriting sanction, and whether other statutory powers, such as holding a person in contempt . . . , can effectuate the result desired by the imposition of sanctions." *Id.* at 17, 510 S.E.2d at 393. We held, "when viewed in light of policy concerns of the Workers' Compensation Act, dismissing [the plaintiff's] case was an abuse of discretion" "because it effectively terminate[d the plaintiff's] exclusive remedy when other less-permanent sanctions, such as civil contempt, were available to [the] Deputy Commissioner." *Id.*

The sole issue on appeal is whether the Commission erred in dismissing Lauziere's claim with prejudice. The Commission has "inherent judicial authority to dismiss a claim with or without prejudice for failure to prosecute," and this reflects

its "power to efficiently administer the Workers' Compensation Act." *Lee v. Roses*, 162 N.C. App. 129, 131, 590 S.E.2d 404, 406 (2004). Under Rule 616(b) of the Industrial Commission Rules,

> [u]pon notice and opportunity to be heard, any claim may be dismissed with or without prejudice by the Commission on its own motion or by motion of any party if the Commission finds that the party failed to prosecute or to comply with the rules in this Subchapter or any Order of the Commission.

11 N.C.A.C. 23A.0616(b) (2019).

Neither the Workers' Compensation Act nor the Commission's Rules provide much direction as to when a finding of failure to prosecute is proper or what types of sanctions are appropriate under the circumstances. *Lentz v. Phil's Toy Store*, 228 N.C. App. 416, 421, 747 S.E.2d 127, 131 (2013). As a result, we look to Civil Procedure Rule 41(b) for guidance. *Id.* Rule 41(b) "allows a defendant to move for dismissal of a case for failure of plaintiff to prosecute, and requires a determination that 'plaintiff or his attorney manifests an intent to thwart the progress of the action or engages in some delaying tactic.'" *Id.* (internal marks and alterations omitted) (quoting *Lee*, 162 N.C. App. at 132, 590 S.E.2d at 407). We have determined that, before the Commission can dismiss with prejudice a workers' compensation claim for failure to prosecute under Rule 616(b), the Commission "must address . . . three factors in its order." *Lee*, 162 N.C. App. at 132-33, 590 S.E.2d at 407.

First, "whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter." *Id.* at 133, 590 S.E.2d at 407 (quoting *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425, 428 (2001)). Second, "the amount of prejudice, if any, to the defendant caused by the plaintiff's failure to prosecute." *Id.* (internal alterations omitted). Third, "the reason, if one exists, that sanctions short of dismissal would not suffice." *Id.* at 133, 590 S.E.2d at 407. The Commission's "findings of fact on these factors are conclusive on appeal if there is competent evidence to support its findings." *Lentz*, 228 N.C. App. at 421, 747 S.E.2d at 131-32.

"Our courts," however, "have stated that dismissal with prejudice is the most severe sanction available to the court in a civil case, and thus, it should not be readily granted." *Lee*, 162 N.C. App. at 132, 590 S.E.2d at 407. "This principle applies equally to the dismissal of a workers' compensation claim at the Industrial Commission since prosecution pursuant to the Workers' Compensation Act is an injured worker's exclusive remedy." *Id.* "Accordingly, the Full Commission err[s] as a matter of law when it . . . affirm[s] the deputy commissioner's order dismissing plaintiff's claim with prejudice for failure to prosecute without . . . the necessary findings of fact and conclusions of law to support its order[,]" *Id.* at 133, 590 S.E.2d at 408, and is an abuse of the Commission's discretion. *See Matthews*, 132 N.C. App. at 17, 510 S.E.2d at 393.

Further, a finding of the Commission based on legally incompetent evidence is not conclusive. *Penland v. Bird Coal Co.,* 246 N.C. 26, 30, 97 S.E.2d 432, 436 (1957); *see Ballenger v. Burris Indus., Inc.*, 66 N.C. App. 556, 568, 311 S.E.2d 881, 888 (1984) (providing that we can declare when proffered evidence "does not constitute any sufficient competent evidence on which to base a denial of" a workers' compensation claim). Upon our review of the Record—a record devoid of an evidentiary hearing— the Commission erred on three grounds due to a lack of competent evidence.

To begin, Finding of Fact 24 is unsupported by evidence. The finding states,

> [b]ased upon a preponderance of the evidence in view of the entire record, the Full Commission finds that Defendants have been *materially prejudiced* by [Lauziere]'s failure to respond to discovery or otherwise prosecute her claim for a year. [Lauziere] has thereby delayed adjudication of this matter and deprived Defendants of any meaningful opportunity to investigate or present defenses to [Lauziere]'s claim or to *direct care* if the claim is ultimately determined on the merits and found to be compensable.

(Emphasis added). No competent evidence in the Record supports that Defendants have been materially prejudiced. For instance, Defendants proffered nothing to show how the delay impaired their ability to locate witnesses, medical records, treating physicians, or any other data. As to the argument Defendants were prejudiced by being unable to direct medical care, we have "long held that the right to direct medical treatment is triggered only when the employer has accepted the claim as compensable." *Yingling v. Bank of Am.*, 225 N.C. App. 820, 838, 741 S.E.2d 395, 407 (2013) (internal marks omitted). This principle still applies when an employer denies

a claim and then seeks dismissal with prejudice for failure to prosecute; an employer cannot with one breath deny a worker's compensation claim and with the next breath cry prejudice. *See id.* at 839, 741 S.E.2d at 407; *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 624, 540 S.E.2d 785, 788 (2000) ("But until the employer accepts the obligations of its duty, i.e., paying for medical treatment, it should not enjoy the benefits of its right, i.e., directing how that treatment is to be carried out."). Defendants denied Lauziere's claim and had no right to direct her medical care. Finding of Fact 24 is not supported by evidence.

Next, Finding of Fact 25 also lacks evidentiary support. The finding states,

> [b]ased upon a preponderance of the evidence in view of the entire record, the Full Commission finds that *Defendants have borne substantial monetary expenses* as a result of [Lauziere]'s behavior in this matter. Among other things, Defendants have been forced to maintain an open file and prepare and travel for anticipated litigation, including mediation and scheduled hearings.

(Emphasis added). Defendants may have maintained an open file as well as prepared and traveled for anticipated litigation. But no evidence in the Record provides how much money Defendants expended, how often they traveled, or how far they traveled, let alone the unsupported conclusion Defendants bore "substantial" expenses. We do not assume mere motions, orders, correspondence, or hearing transcripts can show prejudice. These documents, standing alone, do not shed light on how much time or money was expended. Contrast this with *Lentz* where "[c]ompetent evidence in the record support[ed] the Commission's finding that the file in plaintiff's case [was]

'replete with motions, correspondence, and hearing transcripts *documenting the time and effort defendants have expended* related to defending plaintiff's claim and preparing for multiple hearings.'" *Lentz*, 228 N.C. App. at 424, 747 S.E.2d at 133 (emphasis added). The Record here, by contrast, is bereft of anything "documenting the time and effort" Defendants expended over defending Lauziere's claim. *Id.* No evidence is referenced competent to provide an inference for the amounts of time, effort, or money Defendants expended. Thus, Finding of Fact 25 is also unsupported by evidence.

Finally, the Commission considered the sanctions prong of the *Lee* test and listed another finding[1] in Conclusion of Law 5:

> A sanction short of dismissal with prejudice will not suffice in this case because no other sanction is appropriate given that: (1) [Lauziere] delays and continues to delay this matter, (2) Defendants' ability to litigate and defend this claim has been irrevocably degraded by [Lauziere]'s actions and inactions, and (3) monetary damages incurred by Defendants as a result of [Lauziere]'s *conduct could not be recouped by Defendants* even if ordered by the Commission. Given the foregoing, sanctions short of dismissal could not provide appropriate or proportional relief to Defendants.

---

[1] "Whether a statement is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law." *Brown v. Charlotte-Mecklenburg Bd. of Ed.*, 269 N.C. 667, 670, 153 S.E.2d 335, 338 (1967). Although the Commission designated this statement a conclusion of law, it is a finding of fact. *See Martinez v. W. Carolina Univ.*, 49 N.C. App. 234, 239, 271 S.E.2d 91, 94 (1980) ("[T]he designations 'Finding of Fact' or 'Conclusion of Law' by the commission" are not conclusive).

(Emphasis added). This suggests the Commission had evidence that Lauziere, if so ordered, could not pay a monetary sanction. Such evidence does not exist in the Record. At best, the Commission found that "Defendants have borne substantial monetary expenses as a result of [Lauziere's] behavior in this matter." This may be so, but neither this finding nor any evidence in the Record concerns Lauziere's ability to pay a monetary sanction or how costs to Defendants are otherwise un-recoupable. Thus, the finding that Defendants' "monetary damages . . . could not be recouped" is unsupported by the evidence in the Record.

Additionally, there is no finding of fact, nor any competent evidence, supporting the contention that "Defendants' ability to litigate and defend this claim has been irrevocably degraded." This claim has not yet been reached on the merits, and as outlined above there is no indication that Defendants cannot fully investigate and defend this claim with the same ferocity that they otherwise would have upon timely receiving the requested discovery. They seemingly will have the same access to evidence, witnesses, and medical records they otherwise would have had if discovery had been timely provided. The only irrevocably lost opportunity Defendants have suffered that is discussed by the Commission is the potential "to direct care if the claim is ultimately determined on the merits and found to be compensable." However, as discussed above, this is not a loss that could be properly considered by the Commission as an employer has no right to direct care until they

accept the underlying claim as compensable. Even monetary losses in the form of legal expenses as a result of Plaintiff's delay seemingly could be recouped, as there is no evidence suggesting otherwise. As a result, there are no findings of fact to support the conclusion that the harm done to Defendants by Lauziere's delay was irrevocable.

Ultimately, this means the only finding the Commission used to support its conclusion that "[a] sanction short of dismissal with prejudice will not suffice" was "[Lauziere] delays and continues to delay this matter[.]" This finding alone does not support the conclusion that other sanctions would not have sufficed. The test in *Lee* requires the analysis of all three factors, the first of which is there was an unreasonable delay, and the third of which is sanctions short of dismissal with prejudice are inadequate. If the Commission could satisfy this third factor simply by stating that the Plaintiff has delayed the matter, essentially restating a part of the first factor of the *Lee* test, then the third factor would be rendered mere surplusage.

"[T]he Commission's findings are conclusory and not supported by competent evidence." *See Shaw v. United Parcel Serv.*, 116 N.C. App. 598, 602, 449 S.E.2d 50, 53 (1994), *aff'd*, 342 N.C. 189, 463 S.E.2d 78 (1995). No competent evidence in the Record implies that Defendants were prejudiced by the delay, were wrongfully deprived of a right to direct care, were burdened with substantial monetary expenses or were unable to recoup the same.

To prevent future inefficiency, delay, or harm to the parties, we address the utility of available sanctions under the Workers' Compensation Act in these circumstances. Failure to comply with an order to compel is not the same as failure to prosecute, and evidence applicable to the former may be inapplicable to the latter. Without the necessary evidence or findings, other less-permanent sanctions remained available, such as civil contempt. *See* N.C.G.S. § 97-80(g) (2019) ("The Commission or any member or deputy thereof shall have the same power as a judicial officer . . . to hold a person in civil contempt . . . for failure to comply with an order of the Commission, Commission member, or deputy"); *see, e.g.*, *In re Hayes*, 200 N.C. 133, 141, 156 S.E. 791, 795 (1931) (discussing "the power to adjudge [a] witness in contempt and to punish for such contempt"). This is not to say that an order for civil contempt is needed before the Commission can dismiss with prejudice for failure to prosecute. However, "in light of the policy behind North Carolina's Workers' Compensation Act, to provide a swift and certain remedy to an injured worker[,] to ensure a limited and determinate liability for employers[,]" and to furnish Lauziere's "exclusive remedy," *id.* at 16-17, 510 S.E.2d at 393, the Commission, when applying the *Lee* test, must ensure its conclusions are justified by the findings of fact and those findings of fact are supported by competent evidence. *See Chambers*, 360 N.C. at 611-12, 636 S.E.2d at 555 (declaring that "[i]f the conclusions of the Commission are based upon a deficiency of evidence or misapprehension of the law, the case should be

remanded so that the evidence may be considered in its true legal light") (internal marks, alterations, and citations omitted).

## CONCLUSION

"[T]he Full Commission erred as a matter of law when it . . . affirmed the deputy commissioner's order dismissing plaintiff's claim with prejudice for failure to prosecute without . . . the necessary findings of fact and conclusions of law to support its order." *Lee*, 162 N.C. App. at 133, 590 S.E.2d at 408. "The order of dismissal is reversed and this cause remanded to the Industrial Commission for proceedings consistent with this opinion." *Id.* at 133-34, 590 S.E.2d at 408.

REVERSED AND REMANDED.

Judge DILLON concurs in part, dissents in part, with separate opinion.

Judge HAMPSON concurs.

No. COA18-982 – *Lauziere v. Stanley Martin Cmtys, LLC*

DILLON, Judge, concurring in part and dissenting in part.

The Full Commission has entered an order dismissing Plaintiff's workers' compensation claim. The majority concludes that the Full Commission's order must be *reversed* and remanded because several of the Commission's findings are not supported by the evidence and that the remaining findings do not support an order of dismissal. I conclude, however, that the appropriate mandate is for the Full Commission's order to be *vacated* and remanded for further proceedings.[2] I believe that it would not be an abuse of discretion for the Full Commission to have ordered the dismissal based on its findings that I conclude *are* supported by the evidence. (The majority concludes that several of the Commission's findings are not supported by the evidence. I, however, agree with the majority only with respect to some of these findings.)

In any event, I do not believe it would be appropriate for our Court to simply affirm the Full Commission based on the supported findings because we cannot know

_____

[2] The majority's mandate is "reversed and remanded." "Reverse" and "vacate" are often used interchangeably by appellate judges. There is, indeed, some gray areas as to when "reverse" is the appropriate mandate and when "vacate" may be more appropriate. To me, "vacate" generally suggests (absent any clearer instructions in the opinion) that an order is being eliminated but not being replaced with a contrary order, so that "vacate and remand" generally suggests that the trial court is to reconsider the matter, but still *could* reach the same result. "Reverse," though, suggests that the trial court got it wrong, so that "reverse and remanded" suggests that the trial court either enter a new order as directed or reconsider the matter, but may not reach the same result. Admittedly, I may not have always been consistent in my usage of these terms.

In any event, in the present case, I conclude that the trial court's order must be vacated, so that on remand the trial court *could* still reach the same result, dismissal, as I believe that there are other findings in the order to support dismissal. The majority, though, states that the trial court's order to dismiss was incorrect "as a matter of law" because it failed to make "the necessary findings of fact and conclusions of law to support its order."

how the Commission would have exercised its discretion absent the unsupported findings. Therefore, my vote is to vacate and remand, such that the sanction of dismissal may still be considered by the Commission on remand.

## 1. Background

The findings, supported by the evidence, tend to show as follows:

Plaintiff, a residential real estate broker, seeks workers' compensation benefits, alleging that in September 2015, she suffered injuries to her back, neck, bilateral knees, and hips while trying to manually close a garage door at a home.

Plaintiff, however, suffered injuries *prior to* the garage door incident on a number of occasions. For instance, in June 2015, just three months prior to the garage door incident, Plaintiff was injured in an automobile accident, for which she received medical treatment. Also, Plaintiff had previously sought workers' compensation benefits for back and knee injuries, unrelated to her present claim.

Defendants initially denied liability for Plaintiff's September 2015 injuries, pending their investigation of the matter. As part of their investigation, Defendants sought discovery from Plaintiff of her medical history to determine whether, and to what extent, Plaintiff was injured by the garage door incident. However, Plaintiff has repeatedly failed to fully comply with Defendants' discovery requests, even though she has been compelled to do so by the Commission.

In the meantime, Plaintiff has undergone medical treatment at her own direction, which included major back surgery. Further, Plaintiff took no action to prosecute this matter for over a year, while Defendants continued to seek discovery of Plaintiff's medical history. Accordingly, in June 2017, Defendants moved to dismiss Plaintiff's claim.

In September 2017, the Deputy Commission dismissed Plaintiff's claim. Plaintiff appealed to the Full Commission. In its 2018 Opinion and Award, the Full Commission, agreeing with the Deputy Commissioner, ordered the matter dismissed with prejudice.

## II. Analysis

The majority recognizes that the Full Commission, *in the exercise of its discretion*, may dismiss a matter where the Plaintiff engages in delay tactics.

The majority also recognizes that the Commission must consider three factors before dismissing a matter, citing *Lee v. Roses*, 162 N.C. App. 129, 590 S.E.2d 404 (2004) and *Lentz v. Phil's Toy Store*, 228 N.C. App. 416, 747 S.E.2d 127 (2013).

First, the Full Commission must consider "whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter[.]" *Lee*, 162 N.C. App. at 133, 590 S.E.2d at 407. The majority is not contending that this prong was not satisfied. Indeed, the Commission did consider this factor, determining that Plaintiff had caused the "unreasonable delay[]" and that she continued to engage in the

"unreasonable delay" of adjudication of the matter. And this determination could certainly be inferred from the findings and the evidence. For instance, the Commission found that Plaintiff repeatedly failed to fully comply with the discovery requests, even after being ordered by the Commission to do so. As found by the Commission, Plaintiff admitted to being lax in responding to the discovery requests and that she did nothing for over a year to prosecute her claim, all the while seeking medical treatment at her own direction.

Second, under *Lee*, the Commission must consider "the amount of prejudice, if any, to the defendant [caused by the plaintiff's failure to prosecute][.]" *Id.* at 133, 590 S.E.2d at 407. The order shows that the Commission considered this factor. The majority contends that certain findings in the order supporting the Commission's findings as to this prong are not supported by the evidence. I disagree.

The Commission expressly found, in Finding 24, that Defendants were "materially prejudiced by Plaintiff's failure to respond to discovery and otherwise prosecute her claim for a year" in that Plaintiff's actions deprived Defendants of "any meaningful opportunity to investigate . . . or to direct [Plaintiff's] care[.]" The majority, though, states that there is no evidence that Defendants were materially prejudiced, correctly noting that an employer's ability to direct an employee's medical care is triggered only after the employer has accepted liability.

4

However, this misses the point that the right of an employer who has initially denied liability to direct care *can still be subsequently triggered* once the employer accepts liability. *See Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 624, 540 S.E.2d 785, 788 (2000). Here, the Commission essentially found that Plaintiff's improper conduct caused Defendants to lose its opportunity to make an informed decision to trigger their right to direct care.

Certainly, an employer should not be required to accept liability right away before it has investigated an alleged accident. For example, the General Assembly has provided in N.C. Gen. Stat. § 97-27(a) that an employer has the right to require its employee to submit to an examination, the purpose of which, according to our Court, "is to enable the employer to ascertain whether the injury is work-related or not and thus whether the claim is indeed compensable." *Id.* at 624, 540 S.E.2d at 788. In the same way, an employer has the right to discoverable medical records to ascertain whether an injury, in fact, was the result of a work-place accident.

To this end, an employee is required to provide her employer with the discoverable information necessary for the employer to make an informed decision whether to accept liability and exercise its right to direct care. This obligation is similar to an employee's statutory obligation to provide timely notice of her accident, the purpose of which (as described by our Supreme Court) "allows the employer to provide immediate medical diagnosis and treatment with a view to minimiz[e] the

5

seriousness of the injury, and it facilitates the earliest possible investigation of the circumstances surrounding the injury." *See, e.g., Booker v. Duke Med. Ctr.*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979). Indeed, our Court has recognized in such situations that "[p]ossible prejudice occurs where the employer is not able to provide immediate medical diagnosis and treatment with a view to minimiz[e] the seriousness of the injury and where the employer is unable to *sufficiently investigate* the incident causing the injury." *Lakey v. U.S. Airways, Inc.*, 155 N.C. App. 169, 173, 573 S.E.2d 703, 706 (2002) (emphasis added).

Here, given Plaintiff suffered prior injuries and given the benign nature of the accident (closing a garage door) as the cause of Plaintiff's extensive injuries, it was certainly reasonable for Plaintiff's employer to require access to her discoverable medical records before accepting liability for her claimed new injuries. Plaintiff, though, thwarted Defendants' ability to investigate by withholding her medical records for years, all the while directing her own care. If those records demonstrate that Plaintiff did not suffer any further injury due to the garage door incident, then the dismissal by the Commission is of no harm to Plaintiff, as she would lose anyway. However, if the records are, indeed, favorable to Plaintiff's case, then Defendants have lost the opportunity to accept liability based on a knowledge of those records, and to direct Plaintiff's care these past several years.

Further, I disagree with the majority that Finding 25, supporting the second *Lee* factor is not supported by the evidence. Specifically, the Commission found that Defendants had "borne substantial monetary expense" pursuing Plaintiff's medical records. Admittedly, as the majority points out, there is no evidence in the record as to *the precise amount* of money or time Defendants actually spent chasing discovery for two years. However, the Commission made no finding as to the precise money or time spent. What the Commission did find – that Defendants spent some unknown amount of resources that was "substantial" – can be inferred from the evidence. For instance, there is evidence that Defendants' attorneys had to prepare a second set of discovery requests when Plaintiff's responses to the first set were incomplete; Defendants' attorneys had to seek (successfully after a hearing on the matter) an order compelling Plaintiff to fully comply with the discovery request; and after Plaintiff continued directing her own medical treatment without prosecuting her claim for over a year and without complying with the Commission's order to compel, Defendant's attorneys sought a dismissal, first before the Deputy Commissioner, and then, after preparing a brief for attending a hearing, before the Full Commission.

Finding 25 is similar to a finding made in *Lentz* sustained by our Court in affirming the Commission's order dismissing the claim of the plaintiff in that case. In *Lentz,* the Commission found that "Plaintiff's failure to prosecute this claim has resulted in prejudice to defendants, who have expended considerable time and

7

resources attempting to defend the claim. [Defendants] have repeatedly prepared for hearing and appeared at hearings with witnesses, and plaintiff has failed to appear, even when ordered to appear." 228 N.C. App. at 423, 747 S.E.2d at 132.

I have reviewed the *Lentz* record on appeal, and I found nothing in that record showing the *exact amount* of time or money the defendants spent. The Commission's finding that the defendants expended "considerable" time and resources, though, was sustained by our Court: "On this record, we determine that the Commission's findings of fact were supported by competent evidence and its conclusions of law were supported by its findings of fact." *Id.* at 423, 747 S.E.2d at 132.

I see no difference between "considerable," as used by the Commission in *Lentz*, and "substantial," as used by the Commission here. Accordingly, I disagree with the majority and conclude that the record supports Finding 25.

Under the third *Lee* prong, the Full Commission must consider "the reason, if one exists, that sanctions short of dismissal would not suffice." *Lee*, 162 N.C. App. at 133, 590 S.E.2d at 407. Here, the Full Commission expressly considered this factor. It determined that lesser sanctions would not suffice, citing three separate reasons: (1) Plaintiff delayed in prosecuting her claim for over a year; (2) Defendants' ability to litigate and defend the claim was "irrevocably degraded" by Plaintiff's delay and by her failure to fully comply with discovery; and (3) Defendants had incurred

litigation expenses due to Plaintiff's conduct Defendants could never recoup from Plaintiff were Plaintiff ordered to pay Defendants for these expenses.

I disagree with the majority's conclusion that there is no evidence that Defendants' ability to litigate and defend has been "irrevocably degraded," as it can be inferred from the record that Plaintiff has undergone extensive treatment without Defendants' direction and that Plaintiff has delayed the matter *for the purpose of* completing her treatment before having to reengage with Defendants in this matter.

I agree, however, with the majority that there is no evidence regarding Plaintiff's inability to pay Defendants' expenses if ordered to do so. However, in my view, it would not be an abuse of discretion on remand for the Commission to otherwise determine that lesser sanctions would still be inappropriate based on the Commission's other findings.

### III. Conclusion

I may not have made all of the findings regarding Plaintiff's conduct, as made by the Commission or have exercised discretion in the same way. But, here, the Commission is the factfinder and is empowered with discretion to order a dismissal. Such order should be affirmed where it cannot be said that the Commission abused its discretion when its decision is supported by the findings and evidence.

But, here, not all of the Commission's findings are supported by the evidence. I do conclude, however, that the remaining findings are sufficient to support a

dismissal in the exercise of discretion. However, I cannot conclude that the Commission would reach the same result based on the remaining findings. Therefore, my vote is to vacate the dismissal order and remand the matter for further proceedings and that, on remand, the Commission, in its discretion, may order dismissal or order lesser sanctions.